UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62034-CIV-SEITZ/O'SULLIVAN

BRUCE D. BURTOFF,

        Plaintiff,

vs.

ALFRED TAUBER, *et al.*,

        Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss the First Amended Complaint [DE-15].[1] This matter arises from an attempt by Defendants to enforce a judgment obtained in Virginia state court against Plaintiff, who is a resident of Florida. At least two lawsuits have arisen in Florida as a result of the Virginia judgment.[2] The instant lawsuit was filed by Plaintiff in an attempt to challenge the validity of the Virginia judgment.[3] Defendants removed the instant suit to this Court on October 22, 2010. The other lawsuit is the suit

---

[1] The Court notes that the Motion exceeds the page limitation set out in the Local Rules. While the Court had granted Defendants leave to exceed the limitation, it did so because Defendants represented that the additional pages were necessary to address issues of personal jurisdiction as to four different individuals. However, the Motion to Dismiss does not raise the issue of personal jurisdiction. Therefore, Defendants did not have leave of Court to file a thirty-three page motion.

[2] The history of the litigation between these two parties and involving these two parties spans more than fifteen years.

[3] While Plaintiff is appearing *pro se* in this matter, the Court notes that Plaintiff is a member of The Florida Bar.

Defendants filed to enforce the Virginia judgment.[4] Defendants seek to dismiss the instant lawsuit on grounds of Full Faith and Credit, *res judicata*, judicial estoppel, and failure to state a cause of action upon which relief can be granted. Because the Full Faith and Credit clause requires this Court to uphold the Virginia judgment, Defendants' Motion to Dismiss is granted.

## I. Background Facts

The history between the litigants in this matter is long and involves a series of lawsuits. The facts set out herein are just a very brief recitation of the extensive litigation history between the parties. Plaintiff's six count First Amended Complaint alleges: (1) fraud, (2) conspiracy to defraud, (3) conversion, (4) extortion, (5) violation of Florida Statute § 772.103 for attempting to collect an unlawful debt, and (6) violation of Florida Statute § 772.103 for civil theft. Counts 1 and 2 seek as a remedy a ruling that "the original foreign money judgment ordered by arbitration and confirmed in the City of Alexandria Circuit Court be nullified and nonenforceable [sic] in this state." Counts 3 and 5 each seek $239,000 in damages and Count 6 seeks $5,000,000 in damages. Plaintiff has agreed to dismiss Count 4. In order to understand the issues in this case, a history of some of the other lawsuits is necessary.

The judgment that Plaintiff seeks to have declared null was entered by the Circuit Court for the City of Alexandria, Virginia (the Virginia Case) in a case initiated by Plaintiff, Burtoff. Burtoff filed the Virginia case seeking to dissolve and wind up a partnership, known as the Jefferson Memorial Hospital Joint Venture (the JMHJV). Burtoff sued Defendant Alfred Tauber as the Successor Trustee of JMHJV. The Virginia court sent the parties to arbitration. The

---

[4]Plaintiff attempted to remove the enforcement lawsuit and consolidate it with the instant case. However, the removal was improper and the Court remanded it back to state court. *See* DE-30.

arbitrator issued an award in favor of Tauber and against Burtoff. The award ordered Burtoff to pay the Laszlo N. Tauber Revocable Trust (the Tauber Trust), as the only remaining partner of JMHJV, $305,896 in contribution for partnership liabilities and $5,000,000 for tortious interference with a business opportunity.[5] Burtoff challenged the arbitration award by filing a motion to vacate in the Virginia Circuit Court. The motion was denied and the judgment confirming the award was entered. Burtoff then appealed to the Virginia Supreme Court, which rejected his appeal petition. Thus, the judgment entered in the Virginia Case is final.

    Plaintiff's claims in the instant case seek to have the Virginia judgment confirming the arbitration award declared null and unenforceable, compensate Plaintiff for the contribution he was ordered to pay pursuant to the arbitration award, and compensate Plaintiff for the $5,000,000 award against him for tortious interference. Thus, the remedies sought by Plaintiff in the complaint before this Court all seek to undo the arbitration award and judgment confirming the award entered in the Virginia Case. Plaintiff has named as a Defendant Alfred Tauber individually, as a Trustee or Successor Trustee of the Tauber Trust and the Tauber Family Foundation, and as the general partner of JMHJV. Ingrid Tauber, who appears to be Burtoff's sister, is sued individually and as a trustee of the Tauber Trust and the Tauber Family Foundation. Plaintiff has also named Dennis Davison and Timothy Halloran, attorneys who represented JMHJV in Virginia.

---

[5]Defendants in the instant case have submitted as exhibits to their Motion to Dismiss numerous filings from the Virginia Case and other related cases. The Court may consider such documents on a motion to dismiss because it may take judicial notice of documents filed in other court proceedings. *See Universal Express, Inc. v. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment).

The basis for Plaintiff's claims in this action arise from his recent interpretation of two decisions of the Supreme Court of Virginia, *Tauber v. Commonwealth*, 499 S.E.2d 839 (Va. 1998), known as *Tauber I*, and *Tauber v. Commonwealth*, 562 S.E.2d 118 (Va. 2002), known as *Tauber II*. Plaintiff now alleges that these two decisions resulted in the liquidation and winding up of the JMHJV partnership. Plaintiff alleges that, as a result of *Tauber I* and *Tauber II*, Defendants committed fraud by obtaining a court order appointing Alfred Tauber as successor trustee of JMHJV, by continuing to operate JMHJV, and by failing to disclose *Tauber I* and *Tauber II* to the court and the arbitrator in the Virginia Case. However, a reading of the documents submitted in the Virginia Case, and attached as exhibits to Defendants' Motion in the instant case, make it clear that all involved, including the arbitrator and the Virginia court were aware of *Tauber I* and *Tauber II*. Furthermore, Burtoff's complaint in the Virginia Case, filed after *Tauber I*, sought to dissolve and wind up JMHJV. Thus, Burtoff's own actions do not support his "current" reading of *Tauber I* and *Tauber II*.

After the arbitration award was confirmed in the Virginia Case, the Tauber Trust initiated proceedings in the District of Columbia to enforce the judgment (the DC Case). Burtoff responded by filing a counterclaim in the DC Case on May 20, 2010. The counterclaim alleged fraud and conspiracy to defraud against the same defendants as in the instant case. The counterclaim in the DC Case alleges essentially the same claims raised in the instant action.

**II. Analysis**

Defendants first argue that Plaintiff's complaint must be dismissed based on the Full Faith and Credit clause of the Constitution. "Federal courts must accord the same preclusive effect to a state court judgment as would be accorded that judgment under the law of the state in

which the judgment was rendered." *Harbuck v. Marsh Block & Co.*, 896 F.2d 1327, 1328 (11th Cir. 1990). This holds true unless the rendering court lacked personal or subject matter jurisdiction to issue the judgment, *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 705 (1982), or if the validity of the judgment may be challenged on grounds of extrinsic fraud, *Hinchee v. Golden Oak Bank*, 540 So. 2d 262, 263 (Fla. 2d DCA 1989). Furthermore, a "party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." *Underwriters Nat'l*, 455 U.S. at 710. Thus, this Court must give the judgment confirming the arbitration award the same force and effect it would have in Virginia.

In Virginia, a judgment confirming an arbitration award is a final judgment. The Virginia Code prescribes that a circuit court may only set aside an arbitration award under five specific circumstances: (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing ... in such a way as to substantially prejudice the rights of a party; or (5) there was no arbitration agreement. *BBF, Inc. v. Alstom Power, Inc.*, 645 S.E.2d 467, 469 (Va. 2007); Va. Code § 8.01-581.010. Any application to vacate an award for fraud must be made to a Virginia court within 90 days after such grounds are known or should have been known. Va. Code §§ 8.01-581.010, 8.01-581.014. Plaintiff has not done this. Thus, Plaintiff cannot now raise fraud as a reason to set aside the arbitration award if he failed to do so during the course of the Virginia

Case. *See Underwriters Nat'l*, 455 U.S. at 710. Moreover, because Burtoff knew of any alleged fraud at the time he filed his counterclaim in the DC Case on May 10, 2010, the ninety days he had under the statute to raise a claim of fraud as a basis to set aside the arbitration award have passed. Thus, under Virginia law the judgment affirming the arbitration award is final and cannot be set aside for fraud. Consequently, based on the Full Faith and Credit Clause, this Court must accept the judgment in the Virginia Case as final.

The only exception to the application of the Full Faith and Credit clause would be if Plaintiff could establish that the Virginia court lacked subject matter or personal jurisdiction or that there was extrinsic fraud in the Virginia Case. Clearly, Plaintiff cannot challenge the Virginia court's personal jurisdiction over him because Plaintiff brought the Virginia Case. Plaintiff also cannot collaterally challenge the Virginia court's subject matter jurisdiction in the instant case. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) (stating that a "party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations-both subject matter and personal."); *Kontrick v. Ryan*, 540 U.S. 443, 456 n.9 (2004) (noting that subject matter jurisdiction cannot be attacked collaterally).

Finally, Plaintiff also cannot establish extrinsic fraud. "Fraud that goes to the merits of a case constitutes intrinsic, not extrinsic fraud." *In re Estate of O'Keefe*, 833 So. 2d 157, 161 (Fla. 2d DCA 2002). Extrinsic fraud, on the other hand actually prevents a party from defending an action, raising issues, or otherwise presenting his or her case; thus, things such as intimidation, threats, or coercion may constitute extrinsic fraud. *Id.* Plaintiff has not alleged any extrinsic

fraud. Plaintiff's allegations of fraud would all constitute intrinsic fraud because Plaintiff alleges that Defendants failed to provide certain information to the Virginia court or made misrepresentations to the Virginia court. Such failures or misrepresentations would go to the merits of the Virginia Case, which is intrinsic, not extrinsic, fraud. Consequently, Plaintiff has failed to establish any exception that would prevent this Court from giving Full Faith and Credit to the judgment in the Virginia Case.

Defendants raise various additional meritorious grounds for dismissal. However, it is not necessary to discuss them because the first ground is dispositive of this action. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss the First Amended Complaint [DE-15] is GRANTED.

A) Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

B) All pending motions not otherwise ruled upon are DENIED as moot.

C) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 24th day of January, 2011.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record/Pro se parties